THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Topeka Docket)

UNITED STATES OF AMERICA

              Plaintiff,

v.

SHAWN LYNN PARCELLS,

              Defendant.

Case No. 20- 40090-DDC

## INDICTMENT

The Grand Jury charges:

**Background**

At all times relevant to this Indictment:

1. The defendant, SHAWN LYNN PARCELLS, was the owner of National Autopsy Services, LLC (NAS), also referred to as National Autopsy and Tissue Recovery Services, and National Forensic Autopsy and Toxicology Services, LLC. The defendant incorporated NAS in 2016.

2. Between 1996 and 2003, the defendant worked as a Pathologists' Assistant for the Jackson County, Missouri's Medical Examiner's Office. Prior to 2010 there was no formal licensing or certification process to become a Pathologist Assistant. The defendant never received his certification as a Pathologist Assistant.

3. An autopsy is a postmortem examination of a human body to discover the cause of death or the extent of disease. Pathology is the branch of medical science that involves the

study and diagnosis of disease through the examination of all or parts of the body.  A pathologist is a physician licensed to practice medicine and surgery and qualified to conduct an autopsy.

4. For a physician, board certification indicates that he or she has undertaken education beyond the minimal standards and competency requirements in a chosen specialty. The American Board of Pathology, a member of the American Board of Medical Specialties, issues primary and subspecialty certificates in pathology upon successful completion of an accredited graduate medical education program in pathology along with a demonstration of knowledge, skills, judgment and other abilities deemed important for the practice of pathology.

5. According to the NAS website, the defendant offered "private autopsy [services], forensic pathology services, and tissue recovery services to families, attorney's (sic) and research institutions throughout the world."  The website also represented that NAS was headquartered in Topeka, Kansas, but served "families across the United States and to some international locations."  According to the website, cases would be handled by a pathologist, and that "[o]ur pathologists are board certified by the American Board of Pathology in anatomic, clinical, forensic, and/or neuropathology

6. Most of the clients seeking services from NAS were family members of the deceased person.  The clients generally paid a basic fee of $3000 plus expenses up front for a full pathological study and diagnosis as to the cause of death of a family member.  These clients executed an "Authorization for Autopsy."  Through this Authorization, the client requested and authorized NAS to perform an autopsy.  The Authorization represented that a standard case would take 90 to 180 days to complete.

7. Between May 11, 2016, and May 5, 2019, the defendant used NAS to obtain fees from at least 375 clients for a completed case, in the total amount of $1,125,575.15, but failed to provide a completed report in the majority of cases.

**The Scheme**

8. Beginning on or about May 11, 2016, and continuing until on or about May 5, 2019, the defendant, SHAWN LYNN PARCELLS with the intent to defraud, devised and intended to devise a scheme and artifice to defraud clients and to obtain money by means of materially false and fraudulent pretenses, representations and promises and by omission of material facts.

9. For the purpose of executing the scheme described above, and attempting to do so, the defendant:

    a) claimed through his NAS website that a client's case would be handled by a pathologist when in fact no pathologist participated in the case;

    b) represented to clients through his website that NAS would deliver a report showing the pathological states, along with the exact cause of death, when in fact no pathologist worked on the client's case;

    c) convinced prospective clients through his website that NAS had office locations throughout the State of Kansas, across the United States, and some international locations, giving the impression that NAS was a large business operation when in fact the defendant operated only one morgue facility and a "Corporate Office" in Topeka, Kansas;

    d) represented to clients through the NAS contract, titled "Authorization for Autopsy," that in exchange for an agreed upon fee NAS would perform an autopsy, and that

standard cases will take 90 to 180 days to complete, when in fact the defendant took the fee up front and in most cases never completed and provided a final report;

   e) falsely included on reports sent to the client the name of a licensed pathologist making it appear that the opinion was that of the pathologist, when in fact no pathologist worked on the client's case;

   f) authored and submitted reports to clients rendering an opinion within a certain degree of medical certainty as to cause of death, for which the defendant lacked the knowledge, training, and authority to render;

   g) engaged in conduct designed to deter clients from filing complaints with various authorities by claiming that a case was still in process or that he needed additional information, when in fact the defendant had no intention or ability to complete the case;

   h) misrepresented his credentials to make it appear he was a Doctor of Philosophy (PhD), a medical doctor (M.D.), or other professional in order to convince clients he was qualified to conduct autopsies and offer opinions as to cause of death.

## Counts 1 – 10
## Wire Fraud – 18 U.S.C. § 1343

 10. Paragraphs 1 through 9 are incorporated herein by reference as though fully restated.

 11. On or about the dates set forth below, in the District of Kansas and elsewhere, the defendant,

**SHAWN LYNN PARCELLS,**

for the purpose of executing and attempting to execute the above described scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, with the intent to defraud

4

knowingly transmitted and caused to be transmitted by means of wire communication in

interstate and foreign commerce, certain signs, signals, pictures and sounds as follows:

| Count | On/About Date | Wire Transmission |
|---|---|---|
| 1 | 7/8/2016 | Wire transfer of an Authorization for Autopsy via email from J.W. to the defendant from Maryland to Kansas, where the defendant subsequently sent a fraudulent report and cause of death to J.W. |
| 2 | 9/8/2016 | Wire transfer of an Authorization for Autopsy via email from C.M. to the defendant from Colorado to Kansas after the defendant represented himself to be a doctor to C.M. and subsequently the defendant sent a fraudulent "Pathophysiological and Epidemiological Report" to C.M. |
| 3 | 7/30/2017 | Wire transfer of an Authorization for Autopsy via email to the defendant from S.T. and W.T. from Washington to Kansas, where the defendant failed to produce an autopsy report. |
| 4 | 12/19/2017 | Wire transfer of an Authorization for Autopsy via fax to the defendant from Kehl's Legacy Funeral Home on behalf of T.F. from Alaska to Kansas, where the defendant subsequently caused a fraudulent Alaska Death Record Fax Attestation Form be sent to Kehl's Legacy Funeral Home. |
| 5 | 2/22/2018 | Wire transfer of an Authorization for Autopsy via email to the defendant from D.P. from Minnesota to Kansas, where the defendant subsequently sent a fraudulent Autopsy Report to A.O. |
| 6 | 3/14/2018 | Wire transfer of an Autorization for Autopsy via fax to the defendant from N.R. from California to Kansas, where the defendant failed to produce an autopsy report. |
| 7 | 3/15/2018 | Wire transfer of fraudulent "Pathophysiological and Epidemiological Report" via email from P.B. on behalf of the defendant to L.M. from Kansas to Nevada. |
| 8 | 5/2/2018 | Wire transfer of an Authorization for Autopsy via internet portal to the defendant from J.J. from Utah to Kansas, where the defendant subsequently sent a fraudulent "Pathophysiological and Epidemiological Report" to J.J. |
| 9 | 10/16/2018 | Wire transfer of an Authorization for Autopsy via email to the defendant from K.Z. from Hawaii to Kansas, where the defendant represented himself as a doctor and failed to produce an autopsy report. |
| 10 | 1/21/2019 | Wire transfer of a fraudulent "Pathophysiological and Epidemiological Report" via email to R.C. from the defendant from Kansas to California. |

This was in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION

12. The allegations contained in Counts 1 through 10 of the Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 1343 and Title 28, United States Code, Section 2461(c).

13. Upon conviction of the offense identified in Counts 1 through 10, the defendant,

**SHAWN LYNN PARCELLS,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1343 and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from the proceeds of such violations. The property to be forfeited includes, but is not limited to, the following:

### A. Forfeiture Money Judgment

A sum of money in the approximate amount of $1,125,575.15 in United States currency, which represents the total amount of proceeds obtained as a result of the offenses and scheme to defraud as set out in Counts 1-10.

### B. Substitute Assets

If any of the foregoing property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property, pursuant

...

7

to Title 21, United States Code, Section 853(p) as incorporated by Title 21, United States Code, Section 982(b).

                                         A TRUE BILL.

Dated: November 18, 2020                    s/Foreperson
                                                                FOREPERSON

s/ Christine E. Kenney, #13542 for
STEPHEN R. MCALLISTER
United States Attorney
District of Kansas
500 State Ave., Suite 360
Kansas City, KS 66101
(913) 551-6730
(913) 551-6541 (fax)
stephen.mcallister@usdoj.gov
Ks. S. Ct. No. 15845

(It is requested that trial of the above captioned case be held in Topeka, Kansas.)

**PENALTIES:**

Counts 1–10:  18 U.S.C. § 1343
              Wire Fraud

- NMT 20 Years Imprisonment
- NMT $250,000 Fine
- NMT 5 Years Supervised Release
- $100 Special Assessment
- Restitution
- Forfeiture Allegation.