IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 20-40090-01-DDC |
| **SHAWN LYNN PARCELLS (01),** | |
| Defendant. | |

**MEMORANDUM AND ORDER**

Document 19 asks two things of the court.  First, it asks for leave for defense counsel to withdraw under D. Kan. Rule 83.5.5(a).  And second, it asks the court to redetermine the status of defendant Shawn Lynn Parcells and find him indigent so that he can qualify for appointed counsel under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A (2010).  This Order decides both requests, and it begins with the second one.[1]

The court must appoint counsel under the CJA if the court is satisfied that defendant is "financially unable to obtain counsel."  *United States v. Barcelon*, 833 F.2d 894, 897 (10th Cir. 1987) (citation and internal quotation marks omitted).  Persuasive authority advises that this standard measures two things:  defendant's financial wherewithal and "the potential cost of the defendant's representation."  *United States v. Bayer*, No. 89 CR 39, 1989 WL 31017, at *1 (N.D.

---

[1] The motion is two times a misnomer.  The court doesn't decide whether Mr. Parcells is "indigent."  Instead, as this Order explains, the court determines whether he can afford to secure counsel with his own assets.  Also, this Order's decision about financial capacity isn't a redetermination.  The docket contains no entry reflecting a determination that Mr. Parcells didn't qualify for appointed counsel.  Indeed, it shows that the Office of the Federal Public Defender initially entered an appearance as counsel for Mr. Parcells but withdrew when Mr. Kjorlie entered his appearance as retained counsel on December 19, 2020.  *See* Docs. 4, 11, & 14.

Ill. March 28, 1989) (quoted with approval in *United States v. Gutierrez*, 347 F. Supp. 3d 720, 734 (D.N.M. 2018)).  Defendant bears the burden to demonstrate he is unable to afford counsel. *Barcelon*, 833 F.2d at 896; *United States v. Simmers*, 911 F. Supp. 483, 486 (D. Kan. 1995) (citation omitted).  And the court decides whether defendant can afford counsel only "'"after [making] appropriate inquiry[.]"'" *Barcelon*, 833 F.2d at 897 (quoting 18 U.S.C. § 3006A(b)). The type and extent of inquiry "necessarily [to decide this question] varies with the circumstances presented, and no one method or combination of methods is required." *Id.*

      Here, the court has struggled to acquire a comprehensive statement of defendant's financial condition.  Defendant was slow to provide information and the information he did provide admittedly was incomplete.  But in a Financial Affidavit signed and dated April 9, 2021, Mr. Parcells claims he has supplied an almost comprehensive financial statement of his affairs.[2] The court has reviewed this Affidavit and concludes from it that Mr. Parcells has established, for now, that he cannot afford counsel.  The court thus orders the Clerk of the Court to notify the Federal Public Defender of Mr. Parcells's status and ask the FPD to arrange for her office (or a member of the court's CJA Panel) to represent Mr. Parcells.

      This decision comes with one qualification attached to it.  Mr. Parcells's Financial Affidavit isn't typical.  It identifies some assets arguably suggesting that he has "partial ability to pay for counsel[.]" *Barcelon*, 833 F.2d at 898.  Binding Tenth Circuit precedent required the court to explore this possibility with Mr. Parcells and that too proved challenging.  *Id.*  Based on current information, the court, for now, does not require Mr. Parcells to make partial payment. But the court leaves open the possibility that, at some future date, the court may require him to

---

[2] The "almost" qualifier is necessary because Mr. Parcells claims that he has identified one additional liability since he signed his April 9th Affidavit.  This liability is for $1,717 and its existence doesn't affect the court's conclusion that Mr. Parcells cannot afford private counsel.

use his assets to pay (or partially pay) the cost of his appointed counsel.  The court couches its decision in this fashion because Mr. Parcells "is presently unable to pay counsel, but has prospects of doing so in time."  *Id.* (citing 18 U.S.C. § 3006A(c) and (f)).

This holding leaves the first request made by the pending motion—his current counsel's pending motion to withdraw.  The court grants that request and Mr. Eric Kjorlie now may withdraw as counsel of record for defendant.  The Clerk will modify the docket accordingly.

**THEREFORE, IT IS ORDERED** that Defendant's Counsel's Rule 83.5.5(a) Motion for Leave for Court Approval Granting Motion to Withdraw as Defense Counsel; and Defendant's Companion Motion for Redetermination of Indig[e]ncy and Qualification for Appointment of Counsel under the CJA (Doc. 19) is granted.

**IT IS FURTHER ORDERED** that the Clerk will notify the Federal Public Defender that defendant Shawn Lynn Parcells has qualified for appointed counsel and ask the FPD to arrange appointed counsel for Mr. Parcells.  Also, the Clerk will modify the docket to reflect Mr. Kjorlie's withdrawal as counsel of record for defendant.

**IT IS SO ORDERED.**

**Dated this 22nd day of April, 2021, at Kansas City, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**