THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Topeka Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>SHAWN LYNN PARCELLS,<br><br>Defendant. | Case No. 20-40090-DDC |

**GOVERNMENT MOTION TO ALLOW VICTIM PARTICIPATION
VIA VIDEO OR TELEPHONE CONFERENCING**

The United States of America respectfully requests this Court to allow the victims to participate in the sentencing hearing by either video conferencing or telephone conferencing. In support of this request, the government submits the following:

1. Sentencing in this case is currently set for September 15, 2022, at 1:30 p.m.

2. Eighteen victims have so far submitted Victim Impact Statements to the United States Probation Office. Approximately the same number of victims have participated during past hearings conducted by video conferencing. The vast majority, if not all of these victims reside out of state. Further, the government has identified approximately 300 potential victims, and approximately 100 victims submitted complaints during the early stages of the investigation.

3. The government requests that any victim who desires to participate in the sentencing hearing, or give a statement to the Court, be allowed to do so by video conferencing. If video conferencing is not an option, the government requests that these individuals be allowed to participate by telephone conferencing.

1

4.     Crime Victims are protected and afforded several rights by law as codified in 18 U.S.C. § 3771 ("Crime Victims Right Act" or "CVRA"). Under the CVRA, "victims of crimes have the right to be present at sentencing and make statements to the Court to consider for the purpose of sentencing." *United States v. Parnell*, 2015 WL 5559818, at *3 (M.D. Ga. 2015) (unpublished); 18 U.S.C. § 3771. "[V]ictim statements are not considered Government evidence because they are made pursuant to victims' independent right to be heard at sentencing." *Parnell*, 2015 WL 5559818, at *3; 18 U.S.C. § 3771(a)(4).

"Defendants do not have a Confrontation Clause or due process right to cross-examine victims who exercise their right under the CVRA to testify at a sentencing hearing purely for sentencing purposes." *Parnell*, 2015 WL 5559818, at *3, citing *United States v. DeAngelis*, 243 Fed.Appx. 471, 474–75 (11th Cir.2007) (unpublished). "There is no requirement that a victim giving a victim impact statement at a sentencing hearing be placed under oath." *Darcy v. United States*, 2021 WL 92968, at *12 (W.D.N.C. Jan. 11, 2021) (unpublished), citing *United States v. Myers*, 402 F. App'x 844, 845 (4th Cir. 2010) (unpublished). The confrontation clause does not apply at sentencings. *See United States v. Bustamante*, 454 F.3d 1200, 1203 (10th Cir. 2006) (citing cases).

Additionally, Rule 32 of the Rules of Criminal Procedure provides guidance to the Court during sentencing proceedings: "Before imposing sentence, the court must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard." Rule 32(i)(4)(B). *United States v. Powell*, 650 F.3d 388, 392–93 (4th Cir. 2011).

5.     Prior to the Covid-19 pandemic, attendance at hearings using remote technology was rarely if ever used. However, beginning in approximately March 2020, courts around the county, including in this district, routinely allowed participants to appear using Zoom to conduct

hearings.  *See e.g.,* District of Kansas Administrative Order 2020-6, "IN RE: NOTICE REGARDING PUBLIC AND MEDIA ACCESS TO VIDEO AND TELECONFERENCE HEARINGS DUE TO COVID-19.  Although for the most part the public health reasons for these early administrative orders has been diminished, use of video and teleconference has proved to be an efficient method to accommodate out-of-state victims wishing to participate in public hearings.

6. Defense counsel stated the defendant opposes the government's request.

## CONCLUSION

For the reasons set forth above, the government respectfully requests the Court to allow the victims identified in this case to participate using video or telephone conferencing.

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney

*s/Christine E. Kenney*
CHRISTINE E. KENNEY #13542
Assistant United States Attorney
444 S.E. Quincy, Room 290
Topeka, KS  66683
(785) 295-2850

CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

<u>s/ Christine E. Kenney</u>
Christine E. Kenney, #13542
Assistant United States Attorney
444 S.E. Quincy, Suite 290
Topeka, KS 66683
(785) 295-2850
christine.kenney@usdoj.gov