### In the United States District Court
### for the District of Kansas

**United States of America**,
	Plaintiff,

v.	Case No. 20-40090-DDC

**Shawn Lynn Parcells**,
	Defendant.

### Reply re: Victim Participation at Sentencing

Shawn Lynn Parcells, through undersigned counsel, provides the following response to the government's motion to allow victim participation at sentencing via video or telephone conferencing.

Mr. Parcells does not oppose victims being able to enforce their rights under the CVRA. The victims should be permitted to be physically present at sentencing and make statements to the court as the government has suggested. Victims also often provide written victim impact statements for the Court to consider at sentencing. But the government points to no authority that the CVRA creates a right for victims to make statements at sentencing via video or telephone conferencing. If the Court does permit such a method, Mr. Parcells argues those comments must be limited to their rights under the CVRA and should be restricted to victim impact statements and should not be used for any other purpose.

Mr. Parcells concurs with the government that Federal Rule of Criminal Procedure Rule 32 governs sentencing practice. Under Rule 32, any witness who provides evidence related to pending objections must comply with Federal Rule of Criminal Procedure Rule 26.2(a)-(d) and (f).[1] Rule 26.2(a) requires that the government must provide, upon request by the defendant, "any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony" for any witness who testifies on direct examination. Subsection (d) of the rule allows the Court to "recess the proceedings to allow time for a party to examine the statement and prepare for its use." Under this rule, Mr. Parcells has a right to cross examine any witness who testifies regarding pending objections and he would strongly object as a denial of his due process rights any testimony by a victim via video or teleconference for purposes of presenting evidence related to a pending objection.

Finally, the Court must use a reliable method to determine contested issues at sentencing.[2] Use of such a method is essential to ensure Mr. Parcells due process rights are protected.[3] Allowing a victim to testify at sentencing to contested issues beyond victim impact statements would damage that right as the usual protections that are in place in a courtroom setting do not exist via teleconference or video.

---

[1] Federal Rule of Criminal Procedure 32(i)(2).
[2] *United States v. Ortiz*, 993 F.2d 204 (10th Cir. 1993).
[3] *Id.*

Mr. Parcells respectfully requests the Court deny the government's request.

Respectfully submitted,

s/ David Magariel
David Magariel, #21748
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas 66101
Telephone: (913) 551-6712
Fax: (913) 551-6562
Email: david_magariel@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2022, I filed the foregoing motion with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all interested parties.

s/ David Magariel
David Magariel, #21748

3