IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN LYNN PARCELLS (01),<br><br>Defendant. | Case No. 20-40090-01-DDC |

# MEMORANDUM AND ORDER

The government has moved "to allow the victims [of Defendant's crime] to participate in the sentencing hearing" either by video conferencing or telephone conferencing. Doc. 70 at 1. This motion explains that 18 victims have submitted victim impact statements to the district's Probation Office. *Id*. Also, the motion asserts, the "vast majority, if not all of these victims reside" outside Kansas. *Id*.

Mr. Parcells "Reply" reports that he doesn't oppose the victims "enforc[ing] their rights under the CVRA"—referencing the Crime Victims' Rights Act of 2004, as codified at 18 U.S.C. § 3771. Doc. 72 at 1. But his Reply to the motion chides the government for providing "no authority that the CVRA creates a right for victims to make statements at sentencing via video or telephone conferencing." *Id*. at 1. And so, Mr. Parcells reasons that the court, if it does permit victim statements by remote means, must limit the victims "to their rights under the CVRA and should be restricted to victim impact statements and should not be used for any other purpose." *Id.* Defendant's Reply provides no authority supporting his position that the governing law imposes such limitations.

Defendant's unsupported opposition isn't persuasive, so the court grants the government's motion. Victims of Mr. Parcells's crimes can make the victim statements protected by 18 U.S.C. § 3771(a)(4) by video or telephone conference media. This approach honors the directive given by the CVRA itself. It provides: "In any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in subsection (a)(3)." § 3771(b)(1). It also complies with explicit authority from our Circuit "that constitutional provisions regarding the Confrontation Clause are not required to be applied during sentencing proceedings." *United States v. Hershberger*, 962 F.2d 1548, 1554 (10th Cir. 1992). *See also United States v. Luciano*, 414 F.3d 174, 179 (1st Cir. 2005) ("Nothing in *Crawford* requires us to alter our previous conclusion that there is no Sixth Amendment Confrontation Clause right at sentencing."); *accord United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006); *United States v. Baker*, 432 F.3d 1189, 1254 n.68 (11th Cir. 2005); *United States v. Stone*, 432 F.3d 651, 654 (6th Cir. 2005); *United States v. Brown*, 430 F.3d 942, 944 (8th Cir. 2005); *United States v. Roche*, 415 F.3d 614, 618 (7th Cir. 2005); *United States v. Martinez*, 413 F.3d 239, 253 (2d Cir. 2005). Our Circuit endorsed this principle in a post-*Crawford v. Washington* case, *United States v. Bustamante*, 454 F.3d 1200, 1202 (10th Cir. 2006) ("'[T]he Supreme Court has made clear that the constitutional requirements mandated in a criminal trial as to confrontation and cross examination do not apply at non-capital sentencing proceedings.'" (quoting *United States v. Beaulieu*, 893 F.2d 1177, 1180 (10th Cir. 1990))); *see also United States v. Sadler*, 642 F. App'x 834, 844-45 (10th Cir. 2016) (rejecting argument that hearsay evidence during a sentencing hearing violates Confrontation Clause rights). Indeed, the Circuit has sharpened this point as it applies to crime victims. *United States v. McGuffin*,

149 F. App'x 714, 718–19 (10th Cir. 2005) (finding no procedural error to consider hearsay statements from alleged victim during sentencing so long as they have a "sufficient indicia of reliability to support" probable accuracy). Since the Constitution doesn't guarantee confrontation or cross-examination at sentencing, it stands to reason that a victim can make a victim statement from a location outside the courtroom.

Finally, Mr. Parcells's "Reply" demands compliance with Fed. R. Crim. P. 26.2(a)–(d) and (f). Doc. 72 at 2. This issue isn't joined here because Mr. Parcells hasn't filed a motion. Should he claim that the government somehow has failed to comply with this rule, he may make a timely objection before or during the sentencing hearing. But at this stage, the court takes no position on his demand because it's unable to discern an actual extant controversy.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's "Motion to Allow Victim Participation Via Video or Telephone Conferencing" (Doc. 70) is granted.

**IT IS SO ORDERED.**

**Dated this 6th day of September, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree_____
**Daniel D. Crabtree
United States District Judge**